IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV HARMONY", SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company and SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, Plaintiffs, vs.- KTS KARAOKE, INC. a California corporation, d/b/a "KTSKARAOKE.COM" and TIMMY SUN TON, Individually, Defendants. | Case No. 3:12-cv-0089<br><br>Judge Campbell<br><br>Magistrate Judge Griffin<br><br>**JURY DEMAND** |

## CASE MANAGEMENT ORDER

I. **JURISDICTION AND VENUE**

This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*. Plaintiffs assert that this Court has jurisdiction under 28 U.S.C. §§1331 and 1338(a) and that venue is proper in this District under 28 U.S.C. §§1391 and 1400(a). Defendants assert that jurisdiction and venue are not proper and have filed a motion to dismiss or transfer this action in favor of a previously filed action in the Central District of California, styled as *KTS Karaoke, Inc., et al. v. SONY/ATV Music Publishing, LLC, et al.,* Case No. CV12-0014 JHN (JEMx) (the "California Action"). Defendants' participation in the submission of this

proposed Joint Case Management Order is subject to and without waiving Defendants' Motion to Dismiss/Transfer.

## II. PARTIES' THEORIES OF THE CASE

### A. Plaintiffs' Theory of the Case

This is an action for copyright infringement based in part on the illegal and unauthorized sale of karaoke recordings by KTS KARAOKE, INC. ("KTS Karaoke") and TIMMY SUN TON'S (collectively, the "KTS Defendants") in Nashville, Tennessee. The Plaintiffs, Sony/ATV Music Publishing LLC., *et al.* ("Plaintiffs"), are music publishers who own and/or administer the music copyright identified in the Complaint as "Subject Works." (Doc. Nos. 1.1 – 1.8). The Nashville office of Plaintiffs is located at 8 Music Square West Nashville, Tennessee 37203.

The KTS Defendants are in the business of manufacturing and/or distributing, advertising, selling and otherwise commercially exploiting karaoke recordings, including Plaintiffs' Subject Works identified in the Complaint.

The KTS Defendants are guilty of infringement and willful infringement of the Subject Works as a result (at least) of their having commercially exploited unlicensed karaoke recordings of them. The Plaintiffs have not issued any licenses to the KTS Defendants authorizing any use of the 2,960 music copyrights indentified in Exhibits 1-8 of Plaintiffs' Complaint. The KTS Defendants have infringed Plaintiffs' copyrights by reproducing, advertising, distributing and selling the unlicensed recordings and equipment via their interactive internet website, www.ktskaraoke.com.

The KTS Defendants are liable for all of Plaintiffs' actual damages (in the form of lost licensing revenues), as well as any and all profits derived by the KTS Defendants as a result of the commercial exploitation of the unlicensed karaoke recordings. Alternatively, the KTS

Defendants are liable for statutory damages pursuant to 17 U.S.C. § 504(c) and the KTS Defendants' infringement of the Plaintiffs' copyrights constitutes willful copyright infringement to the extent that the KTS Defendants recklessly or intentionally infringed the Plaintiffs' music copyrights.

The Complaint also seeks injunctive relief against the KTS Defendants, as well as alternative damages options pursuant to the Copyright Act, attorneys' fees and costs.

**B.   Defendants' Theory of the Case**

KTS KARAOKE, INC., a California Corporation ("KTS Karaoke") and TIMMY SUN TON'S ("Ton") (collectively, the "KTS Defendants") state that KTS Karaoke is in the business of distributing karaoke recordings throughout the United States, both to individuals as well as through other distributors. The KTS Defendants are not in the business of manufacturing karaoke recordings. The KTS Defendants are presently engaged in reviewing and investigating the allegations in the Plaintiffs' Complaint to determine whether the subject works listed in the exhibits to the Complaint were advertised, offered for sale or sold by KTS Karaoke as alleged in the Complaint. The KTS Defendants reasonably relied on the manufacturers of those karaoke recordings to obtain necessary licenses to the material which the manufacturers sold, either directly or through other distributors, to KTS Karaoke. The KTS Defendants are an innocent distributor and believed and still believes that the subject recordings it has been advertising and selling were and are appropriately licensed by the manufacturers. To the extent that the manufacturers of these subject recordings are found to have infringed on Plaintiffs' rights, the manufacturers owe the KTS Defendants an obligation of indemnification, either contractual or equitable, and may be brought in to this action so that those claims may be asserted against them. The KTS Defendants further deny that they engaged in any willful infringement or unfair

competition. The individual Defendant Ton denies that he "personally participates in the distribution of unauthorized recordings" of the Plaintiffs' subject works as alleged in the Complaint, and that there are no facts alleged in the Complaint that would support individual liability against Mr. Ton in his capacity as president of KTS Karaoke.

The KTS Defendants also believe that Plaintiffs have long since known of the manufacturer and distribution of the karaoke music discs in issue, including many produced and first distributed well outside the applicable three (3) year statute of limitations. However, rather than take reasonable steps to stop such manufacture and distribution of such products at the source, SONY/ATV and its counsel have instead committed copyright misuse by sitting back and allowing such discs to be placed in the stream of commerce so that SONY/ATV could make claims against various sub-distributors, such as the Defendants in this action, and thereby recover multiple times for the same allegedly infringing conduct. The scheme by SONY/ATV and its counsel is not designed to stop the acts of infringement (as SONY/ATV has knowingly allowed the manufacturer and initial distribution of some if not all of the subject discs) but has actually encouraged, caused and contributed to such alleged acts of infringement for the purpose of unjustifiably and illegally extracting multiple recoveries for the same infringing discs and to line the pockets of SONY/ATV and its counsel.

    C.    **Identification of Issues Resolved and Issues in Dispute.**  All issues as to liability and damages are unresolved.

    D.    **Meeting of Counsel and Parties to Discuss Settlement Prospects**

The Plaintiffs and Defendants have not conducted any meaningful settlement discussions. The parties agree that additional settlement discussion and perhaps mediation might be productive at some point.

### III. TARGET TRIAL DATE

This action will be set for a jury trial by separately entered order.

The parties believe the trial is expected to last 9 days.

### IV. MOTIONS

#### A. Dispositive Motions.

All dispositive motions shall be filed by **April 30, 2013** and any response thereto shall be filed by **May 30, 2013**. Any reply shall be filed by **June 20, 2013**. If dispositive motions are filed early, the response and reply dates shall be moved up accordingly.

#### B. Motion to Amend Pleadings or Join Parties.

Absent good cause, any motion to amend the pleadings or join parties shall be filed by **August 15, 2012**. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. There shall be no stay of discovery pending disposition of any motions.

### V. DISCOVERY

The Plaintiffs and the KTS Defendants will discuss entering into a written Confidentiality Agreement.

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) Initial Disclosures by **May 31, 2012**.

B.   **Requests to Admit**

Requests to Admit may be served at any time up to ninety (90) days before trial.

C.   **Interrogatories**

Interrogatories shall be limited to 60 including subparts.  The Federal Rules of Civil Procedure and applicable Local Rules shall govern all other aspects of discovery related to Interrogatories.  Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

D.   **Non-Expert Discovery**

The parties shall serve all written discovery by **January 28, 2013**.  All non-expert discovery shall be completed by **March 29, 2013**. The parties shall exchange privilege logs by no later than **thirty-days** after producing documents.  All non-expert discovery related motions must be filed by **April 15, 2013**.

E.   **E-Discovery**

The parties will agree to a separate Stipulated Protocol for Discovery of Electronically Stored Information in accordance with Administrative Order No. 174.

F.   **Expert Disclosures**

By **October 10, 2012**, the party bearing the burden of proof on an issue shall declare to the other parties (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).  By **November 12, 2012**, the parties shall provide to the other parties (not to file with the Court) rebuttal expert witness reports containing all the information specified in Rule 26(a)(2)(B).  All expert depositions shall be completed by **January 18, 2013**.

G. **Discovery Motions**

No discovery motion shall be filed until the parties have conferred in good faith in an effort to resolve the dispute and a jointly signed-statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

It is so **ORDERED**.

_____
Magistrate Judge Griffin

Submitted for Entry:

s/ Timothy L. Warnock
Timothy L. Warnock (BPR #12844)
Howell G. O'Rear (BPR #26509)
Riley, Warnock & Jacobson PLC
1906 West End Avenue
Nashville, TN 37203
Ph.:  615-320-3700
Fax:  615-320-3737
twarnock@rwjplc.com
horear@rwjplc.com

*Attorneys for Plaintiffs,*
*SONY/ATV MUSIC PUBLISHING LLC, et al.*


/s James Bradshaw (with permission)
James C. Bradshaw III
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203
jbradshaw@wyattfirm.com

*Attorney for KTS Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by ECF upon the following:

M. Danton Richardson
Leo E. Lundberg , Jr
Surjit P. Soni
The Soni Law Firm
35 N. Lake Avenue, Suite 720
Pasadena, CA 91101
danton@sonilaw.com
leo@sonilaw.com
surjit@sonilaw.com


James C. Bradshaw III
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203
jbradshaw@wyattfirm.com

this the 30th  day of March, 2012.

                                         s/ Timothy L. Warnock
                                         Timothy L. Warnock